Weaver *vs.* Chauncey.

---

ELIZA WEAVER, plaintiff in error, *vs.* BRINKLEY CHAUNCEY, defendant in error.

Where A had advanced money to B, to comply with B's bid at a sheriff's sale of a tract of land, and, to secure himself, took the sheriff's deed to the land, agreeing that, in the payment of the money, to-wit: $40 00, with liberal interest, he would make B a title, and shortly after B tendered the money, with $20 00 additional, as interest, and B refused to comply, and on a bill filed, the jury decreed that A should make the deed on B paying $110 00:

Weaver *vs.* Chauncey.

*Held,* That the verdict was illegal, since $40 00, with legal interest, was all that B was, in any event, as shown by the record, bound to pay.

Interest. Uusury. Specific performance. Before Judge HARRELL. Early Superior Court. October Term, 1870.

The bill of Mrs. Weaver against Chauncey, complained that he had loaned her $40 00 to pay for certain land bid off by her at sheriff's sale, that he took the sheriff's title to himself for security, and that though she had tendered back the money, and "liberal interest" he would not convey her the land. She prayed for a specific performance. All the evidence on the trial was as follows:

One Swaine testified; he was agent for Mrs. Weaver, employed by her to attend the sheriff sale in the county of Early, on the first Tuesday in June, 1869, and instructed to buy in, for her, the lot in dispute. Witness attended the sale and did buy in the lot for her, at forty dollars; not having the money, he borrowed from Mr. Robinson twenty-three dollars, a day or two after the sale, and paid the same over to the sheriff; he agreeing to wait for the balance, saying all that he wanted was money enough to pay the plaintiff in *fi. fa.* Several days after this the said Robinson called upon witness to refund the money borrowed; witness went to defendant, a friend and relative of complainant, and told him he had bought in the said lot of land for Mrs. Weaver, and asked if he would not loan the money to her, to be allowed a liberal interest, which he said Chauncey agreed to; at the same time witness suggested that he was willing for the sheriff to make to the said Chauncey a deed to the said land, as a security for the money loaned, and at the same time said to Chauncey, that if Mrs. Weaver was willing for Chauncey to keep the land, he was perfectly willing to it, and that having the deed already in him, there would be no necessity for any further conveyance; but if Mrs. Weaver wanted the land, Chauncey was to make a deed to her upon her paying the forty dollars advanced with a liberal interest upon the same.

Under this agreement, Chauncey paid back the money borrowed from Robinson, and paid the sheriff costs, making in all the sum of $40 00. Whereupon, the sheriff made a deed of the lot of land to Chauncey, and witness notified Mrs. Weaver of the arrangement he had made for her.

Complainant testified that in three or four weeks after the arrangements were made with said Chauncey under which he advanced $40 00 to her agent, Swaine, she went to pay Chauncey the money, with interest, but Chauncey had gone into the country. She found Chauncey in the country, and offered to pay him the money, with interest, and asked that he would make titles to the said lot of land, as he had promised. Whereupon, Chauncey replied, that he could not make titles until he saw Mr. Swaine, and promised to meet witness in Blakely, on a certain day, at which time the said witness went to Blakely, but the said Chauncey had gone off.

Sheffield testified, that at the October Term of Early Superior Court, 1869, as the agent for complainant, and by her direction, he tendered to the said Chauncey the $40 00, and also, $20 00 as interest on it, on the condition that Chauncey would make title to the said lot of land to Mrs. Weaver. Chauncey refused to accept the money.

Defendant testified, that some time after said sale, Swaine told him that he had bid off said lot of land for Mrs. Weaver, for $40 00, and that Mrs. Weaver had failed to pay the money, and that the sheriff was pressing him, Swaine, for the same, and that if witness would pay the sum of $40 00, he would instruct the sheriff to make him titles to the said lot of land ; he paid the money to the sheriff, and the sheriff executed to him titles to the lot, nothing was ever said about paying money for Mrs. Eliza Weaver.

The jury decreed that Chauncey make Mrs. Weaver a title to the land upon her paying him $110 00. She moved for a new trial, upon the grounds that the verdict was con-

trary to law and the evidence. The new trial was refused, and that is assigned as error.

FLEMMING & RUTHERFORD, by J. T. GLENN, for plaintiff in error.

H. FIELDER; HOOD & KIDDOO, for defendant.

McCAY, Judge.

Either this verdict ought to have been for the defendant in the bill, or the jury have required the complainant to pay more than she was bound to pay. The amount advanced, with legal interest, is the true measure of her obligation to him, if the testimony for the complainant is to be credited. The promise of a liberal interest can avail nothing. The law fixes the interest, and it is not for a Court of equity to set up a new rate of interest not provided, but prohibited by law.

Judgment reversed.